that the allowance made by the auditor to the appellant for the board and lodging of the appellee's intestate was amply sufficient compensation.    Opinion by RUSSUM, J.

Submitted on brief by *George R. Willis* for the appellant: Argued by *James W. Denny* for the appellee.

. No. 40, April term, 1896.    Recorded in Liber J. S. F., No. 2, etc., folio 812, of "Opinions Unreported."

## THB BALTIMORE BELT RAILROAD COMPANY *vs.* CHARLES C. McCOLGAN.

. Appeal from the Superior Court of Baltimore City.    *Affirmed.*

The plaintiff below (appellee) owned land on both sides of Barclay street, in Baltimore City.    That street, although dedicated, had not been accepted by the municipality at the time the cause of action accrued, but the plaintiff had a right of way over the same.    The defendant (appellant) in constructing its road made a deep excavation at the point where the road crossed Barclay street.    The ordinance authorizing the construction of the road provided that the " said company shall also construct and maintain iron bridges or viaducts for the purpose of carrying Oak street and Barclay street when opened over said railroad."

There were three counts in the declaration—the first proceeding on the theory that it was the duty of the appellant to build a bridge or viaduct over the excavation ; the second alleged, it was its duty to restore the surface to its original condition before the road was built, and the third claimed that by the excavation of the bed of the street it became impassable and the plaintiff was deprived of the use, benefit and advantage of it, and his property fronting thereon was greatly depreciated in consequence thereof.    As the evidence established the fact that there had been no acceptance of the street by the public authorities, either of the county or city, the first and second counts were practically abandoned and the case tried on the third count.    The trial Court's instruction told the jury that under the uncontra-

dicted documentary evidence the plaintiff acquired and owns a right of way over Barclay street." That much was conceded by the appellant. It then instructed them that if they found that the defendant " has obstructed the use by plaintiff of said way by the excavation for the cut, as testified to, then the plaintiff is entitled to recover." It was "testified to" that this excavation was thirty-five or forty feet deep, about 25 feet wide at the bottom and about 100 feet wide at the top or grade of Barclay street. *Held*, that under such circumstances the plaintiff was clearly entitled to recover something and that instruction was therefore correct. The Court granted the prayer offered by the defendant as to the measure of damages—that it was " the difference between the value of plaintiff's land, with the railroad cut and its value left in the original state and without any power in the plaintiff to grade, curb or pave the street except in front of his own land." The fifth prayer of the defendant, as modified by the Court, was " if the jury believe from the evidence that the simple right of way freed from the defendant's cut would not add to the value of plaintiff's land without the opening of the street and material changes in the grade, then the plaintiff cannot recover more than nominal damages." *Held*, that these prayers when taken together fairly presented the question at issue. The addition by the Court of " more than nominal damages " to the fifth prayer was necessary from the fact that inasmuch as the defendant had broken the right of way of plaintiff without authority, it was a " trespasser " and at least liable for nominal damages. The jury returned a verdict for the plaintiff for $3,543.75. Opinion by BOYD, J.

*W. Irvine Cross* for the appellant. *James McColgan* for the appellee.

No. 12, April term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 809, of " Opinions Unreported."